UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTY J. DOWNING,

        Plaintiff,                          Case No. 09-14351

vs.                                       HONORABLE DENISE PAGE HOOD

FOLEY & LARDNER LLP, *et al.*,

        Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE,
TRANSFERRING ACTION TO THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN AND
CLOSING CASE IN THIS DISTRICT'S DOCKET**

**I.    INTRODUCTION**

Before the Court is Defendants' Motion to Transfer Venue, filed on November 25, 2009. Plaintiff filed a Brief in Opposition to Defendants' Motion to Transfer Venue on December 15, 2009.[1] On December 22, 2009, Defendants filed a Reply to Plaintiff's Brief in Opposition.

**II.    STATEMENT OF FACTS**

On November 5, 2009, Plaintiff, Kristy J. Downing, filed the instant action alleging employment discrimination based on gender and race, harassment, and constructive discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Equal Pay Act,

---

[1] Plaintiff's Brief in Opposition is untimely pursuant to E.D. Mich. L.R. 7.1(d)(2)(B) which required Plaintiff to file her response to Defendants' Motion to Transfer within fourteen (14) days after service of the motion. *See* E.D. Mich. L.R. 7.1(d)(2)(B). Defendants argue that this Court should not consider Plaintiff's Brief, however Plaintiff filed a motion for extension of time to file her response, which the court granted on January 13, 2010.

1

29 U.S.C. § 206(d) ("EPA"), the Civil Rights Act of 1991, 42 U.S.C. § 1991a, and the Wisconsin Fair Employment Act, Wis. Stat. § 111.31 *et seq*.

Defendant, Foley & Lardner LLP ("Foley") is a limited liability partnership under the laws of Wisconsin and has its main office in Milwaukee, Wisconsin. Plaintiff alleges that sometime in March 2005, she interviewed with the Detroit, Michigan office of Foley. Compl., ¶ 5. Upon request, Plaintiff also interviewed with Foley's Milwaukee, Wisconsin office. *Id.* Plaintiff began her employment as an associate attorney in the 2004 Class at Foley's Milwaukee office on July 5, 2005. *Id.* Plaintiff was assigned to the Intellectual Property Department. *Id.*

Plaintiff alleges that in October of 2005, Foley implemented a policy to increase the salary of the associates hired in the Class of 2004 from $125,000.00 to $130,000.00. *Id*. at ¶¶ 7-9. Plaintiff was only paid $125,000.00. *Id*. at ¶10. Plaintiff brought her concerns regarding the discrepancy in her salary compared with her colleagues to her direct supervisor, James Morrow. *Id.* at ¶¶ 12-13. Mr. Morrow informed Plaintiff that Foley had not implemented a policy to increase the salary of the Class of 2004 associates. *Id*. at ¶ 14. Plaintiff also raised her concerns regarding the disparity in her salary to other partners at Foley, but each informed her that no policy for a salary increase had been implemented. *Id.* at ¶¶ 15-22. Plaintiff alleges that Foley informed other associates to not disclose to Plaintiff the discrepancy between her salary and their salaries. *Id.* at ¶ 24.

Plaintiff further alleges that Foley limited her employment opportunities within the firm. She claims that summer associates, as well as regular associates were routinely assigned various work projects, such as drafting freedom-to-operate/invalidity opinions, appeal briefs with the Board of Patent Appeals and Interferences, and other litigation related documents. *Id.* at ¶¶ 29-35. Plaintiff

argues that Sharon Barner, a partner and Chair of the Intellectual Property Department, and Jeanne Gills, a partner and Vice-Chair of the same department at Foley's Wisconsin office, discouraged members of that department from assigning Plaintiff work projects such as drafting freedom-to-operate/invalidity opinions, appeal briefs with the Board of Patent Appeals and Interferences, and other litigation related documents. *Id.* at ¶¶ 38-42, 44-51. Plaintiff also avers that Mrs. Barner encouraged other members of the Intellectual Property Department to give Plaintiff poor performance reviews. *Id*. at ¶ 43. Plaintiff brought her concerns regarding the apparent sabotage of her work assignments to her supervisors, but nothing was done to correct this. *Id.* at ¶¶ 54. Plaintiff maintains that Foley's actions in limiting her work assignments and opportunities was based on the fact that she is an African-American female. *Id.* at ¶¶ 55-56.

Plaintiff also claims that she was retaliated against for raising her concerns regarding her salary and work assignments. After March 2006, partners and employees of Foley actively worked towards removing the volume of work that Plaintiff was assigned so that she could not meet her billable hours requirement of a minimum of nineteen hundred hours per year. *Id.* at ¶ 97. Plaintiff asserts that she was removed from projects involving Johnson Controls, one of Foley's clients. Plaintiff was also given performance evaluations that mischaracterized her work product. *Id*. at ¶¶ 59-63. Plaintiff reported these misleading evaluations to Marilyn Lagerman, a manager of Foley's Human Resources Department. *Id.* at ¶ 64. Ms. Lagerman referred Plaintiff to Maureen McGinnity, Chair of Foley's Diversity Committee. *Id*. at ¶ 65. After a few meetings, Ms. McGinnity informed Plaintiff that the instances of discrimination and retaliation were 'all in her head.' *Id.* at ¶¶ 67.

Plaintiff also experienced harassment and threats to her safety in retaliation for her reports regarding her salary, work assignments, and performance evaluations. *Id*. at ¶¶ 80-81. Another

3

associate working in the Intellectual Property Department at Foley assaulted Plaintiff with his vehicle, nearly missing driving over Plaintiff's foot, as he intentionally drove his vehicle into the pedestrian crosswalk where Plaintiff was standing. *Id.* at ¶ 96. Plaintiff submits that she was also harassed and teased by her colleagues about her lack of work assignments. *Id.* at ¶¶ 91-95.

On May 19, 2008, Plaintiff submitted a two-week notice of resignation. *Id.* at ¶ 81. She was told to reconsider her decision by the manager of one of the practice groups within the Intellectual Property Department, Andrew Rawlins. *Id*. at ¶¶ 72, 81. When Plaintiff attempted to contact Mr. Rawlins to inform him that she wanted to rescind her letter of resignation, he failed to respond to her for two days and on May 29, 2008, told her that she was discharged from employment at Foley. *Id.* at ¶ 82. Plaintiff thereafter relocated to Michigan, and is now working as a solo-practitioner. Plaintiff avers that Foley continues to harass her by hiring agents to interfere with her personal and professional relationships. *Id.* at ¶ 85. Plaintiff believes that Foley has also prevented her from being hired by any local firms. *Id.* at ¶ 83.

## III. APPLICABLE LAW & ANALYSIS

### A. Introduction

Defendants move to transfer venue of this action to the United States District Court, Eastern District of Wisconsin, pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §1391(b), because venue is improper in this district. Defendants also move to transfer venue to the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties, witnesses and in the interest of justice. Defendants first argue that Title VII's exclusive venue provision requires that this action be transferred to the Eastern District of Wisconsin because (1) the alleged unlawful employment practices were committed in the Eastern District of Wisconsin, (2) Plaintiff's

4

employment records are maintained in Wisconsin, and (3) Plaintiff would have worked in Wisconsin but for the alleged unlawful employment practices. Defendants also argue that even if venue was proper under Title VII's venue provision, venue is nonetheless improper under § 1391(b) because not all of the Defendants reside in Michigan, nor did a substantial part of the events giving rise to this action occur in Michigan. Plaintiff is the only anticipated key witness in this action who resides in Michigan, and pursuant to §1404(a), this action should be transferred as it has a substantial connection to Wisconsin.

### B. Section 2000e-5(f)(3) of Title VII

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, has its own exclusive venue provision which provides that:

> [A]n action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). Title VII also states that "§§ 2000e-5(f)-(k) . . . shall govern civil actions brought hereunder . . . ." 42 U.S.C. §2000e-16(d). "If the plaintiff brings suit in a jurisdiction that does not satisfy one of the venue requirements listed in 42 U.S.C. § 2000e-5(f)(3), venue is improper." *Spencer v. Rumsfeld*, 209 F. Supp. 2d 15, 17 (D.D.C. 2002). "Section 5(f)(3) is not simply a supplement to 28 U.S.C. § 1391; it is the exclusive venue provision for all Title VII discrimination actions." *Gwin v. Reynolds & Reynolds Co.*, No. 01C770, 2001 U.S. Dist. LEXIS 9520 (N.D. Ill. July 10, 2001). Additionally, Title VII's venue provision takes precedence over the general venue provision under §1391 when the Title VII claim is brought along with claims brought

5

under other federal statutes. *See Strategic Management Harmony, LLC. v. Enhanced Business Consortium, Inc.*, No. 05-cv-0180, 2007 U.S. Dist. LEXIS 59014, *18 (S.D. Ind. August 10, 2007).

Under Title VII's exclusive venue provision, venue of this action is proper in the Eastern District of Wisconsin. The alleged unlawful employment practices occurred in Wisconsin. This is where Plaintiff was subject to alleged discrimination in the workplace based on her race and gender, was denied work assignments in retaliation for her reporting this discrimination and was also subject to harassment and threats by colleagues at Foley's office in Wisconsin. Additionally, Plaintiff's employment records are maintained and administered in Wisconsin, Plaintiff would have continued her employment in Wisconsin had Defendant not engaged in discrimination and retaliatory acts and Defendant's principal place of business is in Wisconsin. Plaintiff's arguments to the contrary are without merit. Plaintiff, for the first time in this action, alleges that when she was offered employment at Foley's Wisconsin office, it was with the understanding that she would eventually be transferred to the Detroit office. *See* Plf.'s Br. in Opp. at 5, Ex. A. Further she argues that she made several requests to transfer to Foley's Detroit office, but was denied based on Foley's retaliatory acts. *Id.* at 6, Ex. A.

Plaintiff did not raise the above allegations in her Complaint and cannot amend her Complaint via a responsive brief. Plaintiff's Complaint fails to allege any unlawful employment practice that was committed in Michigan. The only allegation in the Complaint connected to Michigan is Plaintiff's allegation that after she left Foley, she was harassed and stalked by a former partner of Foley's Detroit office. Because these allegations relate to conduct that occurred after her employment with Foley ended, such allegations cannot support Plaintiff's argument that unlawful employment practices occurred in Michigan. Venue is improper in Michigan and this cause of

6

action is transferred to the Eastern District of Wisconsin.

### C. 28 U.S.C. § 1391

Even if Plaintiff had not asserted a claim under Title VII, venue would still be improper under 28 U.S.C. § 1391. In actions such as the one presently before the Court, where jurisdiction is not based solely on diversity of citizenship but on a federal question, § 1391 governs. 28 U.S.C. § 1391 states that an action may:

> [m]ay be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omission giving rise to the claim occurred, [] or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). "In cases with multiple defendants, venue must be proper with respect to all defendants." *Domino's Pizza PMC v. Caribbean Rhino*, 453 F. Supp. 2d 998, 1005 (E.D. Mich. 2006).

Here, not all of the Defendants reside in Michigan, the first named Defendant, Foley & Lardner LLP, resides in Wisconsin. Therefore, venue would only be proper in this district if a substantial part of the events giving rise to this action occurred in this district. A review of Plaintiff's Complaint reveals that a "substantial part" of the events giving rise to this action occurred outside of Michigan. Plaintiff does not allege that any unlawful employment practice occurred in Michigan. Plaintiff's argues that because this Court can assert personal jurisdiction over the Defendants, venue in this district is proper. The cases cited by Plaintiff do not support such an unusual argument. For instance, in *Domino's Pizza*, a case also filed in this district, the defendants argued that the court should transfer the case to the Western District of Texas, without any support for their argument that the action could have been originally brought in that district. 453 F. Supp.

2d at 1008. In rendering its decision on whether transfer of the case was appropriate pursuant to 28 U.S.C. § 1404(a), the court evaluated whether the action could have been originally brought in the district court that defendants sought to have the case transferred to. *Id.* Because the defendants could only show that one defendant was subject to personal jurisdiction in Texas, the court could not find that the action could have been brought in the Western District of Texas, holding that "[w]hile personal jurisdiction and venue may be proper in Texas with respect to [one of the defendants], to establish proper venue, venue must be proper for all defendants." *Id.* Plaintiff has made no showing that personal jurisdiction and venue is proper in this Court as to Foley & Lardner, LLP, Milwaukee, Wisconsin. The Court concludes that venue is also improper in Michigan pursuant to § 1391(b) and this action is transferred to the United States District Court for the Eastern District of Wisconsin.

### D. 28 U.S.C. § 1404

Defendants argue that even if venue was proper pursuant to both Title VII and § 1391(b), this action should be transferred for the convenience of the parties and witnesses and in the interest of justice, pursuant to 28 U.S.C. § 1404(a). 28 U.S.C. § 1404(a) provides, in relevant part:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Under this rule, district courts have broad discretion to transfer a case to any judicial district where it may been brought originally. *Amphion, Inc. v. Buckeye Electric Co.*, 285 F. Supp. 2d 943, 947 (E.D. Mich. 2003). This Court must determine whether: (1) the action could have been brought in the proposed transferee-court, (2) the transfer will promote the interests of justice, (3) the transfer would serve the parties' and the witnesses' convenience. *See United States v. P.J. Dick Inc.*, 79 F.

Supp. 2d 803, 805-06 (E.D. Mich. 2000).

To determine whether to transfer a case, district courts should "weigh in the balance a number of case-specific factors." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988). Specifically, the court should consider:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the location of relevant documents and relative ease of access to sources of proof; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Overland, Inc. v. Taylor,* 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)(citations omitted). Courts may additionally consider "any factor that may make any eventual trial 'easy, expeditious, and inexpensive.'" *Int'l Car Show Assoc. v. ASCAP*, 806 F. Supp. 1308, 1310 (E.D. Mich. 1992)(quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)).

Additionally, the Sixth Circuit has noted that "unless the balance is strongly in favor of the defendant the plaintiff's choice of forum should rarely be disturbed." *Nicol v. Koscinski*, 188 F.2d 537, 537 (6th Cir. 1951)(citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 91 L. Ed. 1055). "A plaintiff's chosen forum, however, is not sacrosanct, and will not defeat a well-founded motion for change of venue.*" Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 937 (E.D. Mich. 2001).

Plaintiff's main argument is that she is a sole practitioner and transfer of this matter to the Eastern District of Wisconsin will be a financial burden on her. She also argues that since she is a key witness, such inconvenience to her does not outweigh any inconvenience to Defendants or the proposed witnesses. Plaintiff's Complaint identifies the following sixteen potential witnesses:

9

James Morrow, Maureen McGinnity, Marilyn Lagerman, Larry Lynch, Sharon Barner, Jeanne Gills, Nancy Geenan, Larry Satzer, David Luettgen, Andrew Rawlins, Joseph Ziebert, Howard Shipley, Walter Zimmerman, Nicole Lamb-Hale, Richard McKenna and Steven Eiserman, none of which reside in Michigan. *See* Defs.' Mot. for Tr. of Venue, Ex. A. None of the anticipated witnesses, other than Plaintiff, reside in Michigan. Likewise, none of these witnesses are subject to service of process in Michigan, which would require Plaintiff to travel outside of Michigan to conduct their depositions. While the convenience to the parties may favor Plaintiff's choice of venue, the convenience of the witnesses favors Defendants' position that this action should be transferred. "Witnesses' convenience is one of the most important factors in determining whether to grant a motion to change venue under § 1404(a)." *Id.* The Court concludes that even if venue is proper under Title VII and § 1391, transfer of this matter is nonetheless appropriate under §1404(a).

**IV. CONCLUSION**

Accordingly,

IT IS ORDERED that Defendants' Motion to Transfer Venue [**Docket No. 5, filed on November 25, 2009**] is GRANTED.

IT IS FURTHER ORDERED that this action be transferred to the United States District Court for the Eastern District of Wisconsin.

IT IS FURTHER ORDERED that the Clerk TRANSFER this matter forthwith to the United States District Court for the Eastern District of Wisconsin and CLOSE this case in this Court's docket.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: April 9, 2010

    I hereby certify that a copy of the foregoing document was served upon counsel of record on April 9, 2010, by electronic and/or ordinary mail.

        S/William F. Lewis
        Case Manager